**PEACHCOURT**

**EXHIBIT A**

| | | | |
|---|---|---|---|
| **SUCV2025000757** | **LFS PROPERTIES, LLC, ET AL V CSX TRANSPORTATION, INC.** | **BARTOW SUPERIOR** | **REAL PROPERTY** |

## Case Information

| Case Initiation Date | Assigned Judge |
|---|---|
| 05/19/2025 | |

Why subscribe to PeachCourt+? Because this is one of your cases, you probably want to know when anyone eFiles anything in this case. As a PeachCourt+ subscriber, you will receive an email alert even when someone files on paper: judge's order, sheriff's return of service, self-represented litigant filing... you get the idea.

## Party Information

| Plaintiffs: | Defendant: |
|---|---|
| **LFS PROPERTIES, LLC** | **CSX TRANSPORTATION, INC.** |
| **LFS STORE, LLC** | |

## Attorney/Filer Information

| | |
|---|---|
| **EVANS Jr., DONALD** | **LITTLE III, JOHN W** |

| Docket # | Document Type | Description | Filer | Filing Date | Source |
|---|---|---|---|---|---|
| 1 | Complaint | | Evans, Donald C Jr. | 05/19/2025 | EFile: PeachCourt |
| 2 | Summons | Summons For CSX Transportation, Inc. . | Evans, Donald C Jr. | 05/19/2025 | EFile: PeachCourt |
| 3 | Civil Case Initiation Form | Case Information Form | Evans, Donald C Jr. | 05/19/2025 | EFile: PeachCourt |
| 4 | Affidavit | Affidavit Of Service | Evans, Donald C Jr. | 05/27/2025 | EFile: PeachCourt |
| 5 | Leave Of Absence | | Evans, Donald C Jr. | 06/02/2025 | EFile: PeachCourt |
| 6 | Entry Of Appearance | Notice Of Appearance John W. Little, III | Little, John | 06/23/2025 | EFile: PeachCourt |
| 7 | Stipulation | Stipulated Extension Of Time | Little, John | 06/23/2025 | EFile: PeachCourt |

The clerk's office maintains the official record for this case. The information we provide is our best attempt at reflecting the official record. Despite our best efforts, you may find discrepancies between the information on this page and the clerk's official record. The clerk's official record is always official and is always THE record.

INTERNAL SERVER ERROR

Printed from www.peachcourt.com on Jul 7, 2025 10:28 AM

⊕ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2025000757**

**MAY 19, 2025 12:48 PM**

*Josh Biddy*
Josh Biddy, Clerk
Bartow County, Georgia

## IN THE SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LFS PROPERTIES, LLC and, | * | |
| LFS STORE, LLC, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action Filing |
| | * | No. _____ |
| CSX TRANSPORTATION, INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

## COMPLAINT FOR DAMAGES

COMES NOW, LFS Properties, LLC, and LFS Store, LLC, by and through counsel, and file this Complaint for Damages, showing this Honorable Court as follows:

### Preliminary Statement

This case concerns CSX Transportation, Inc.'s (the "Railroad") taking of a private rail crossing (the "Crossing") owned by LFS Store, LLC on property owned by LFS Properties, LLC (collectively, "Ladd's"). The Railroad's tracks split Ladd's property and severs the warehouse where Ladd's stock is stored from the retail store on the other side of the tracks, where it is sold. The Crossing worked perfectly when the property was also used as a freight station, and the store and the Railroad coexisted symbiotically for dozens of years. The Crossing caused never caused problems for the Railroad, Ladds, or the public. In late 2022, however, the Railroad placed large concrete blocks alongside its track in order to obstruct the Crossing that has always existed in the same place since the railway was initially constructed. The

problem for the Railroad is that its right of way was acquired through prescription over and across the existing roadway, which during the 1870's was the principle road between Cartersville and Euharlee and later became a public road. When Bartow County abandoned this section of public roadway in 2013 the Crossing reverted to Ladd's ownership and was maintained by Ladds as a private crossing for more than seven years prior to CSX's unilateral decision to "close" the Crossing on 2022. It follows that the Railroad's obstruction of that crossing is a trespass, a nuisance, and an inverse condemnation of Ladd's property. Accordingly, Ladd's brings this action to recover for, *inter alia*, the property that the Railroad has taken, consequential damage to the land not taken, business loss, and loss of enjoyment and use caused by the Railroad's illegal conduct.

<u>**Parties, Jurisdiction, and Venue**</u>

1.

Plaintiff LFS Properties, LLC is a limited liability company organized and existing under the laws of Georgia. LFS Properties, LLC owns the real property in Cartersville, Georgia that is the subject of this action.

2.

Plaintiff LFS Store, LLC is a limited liability company organized and existing under the laws of Georgia. LFS Store, LLC operates the Ladd's Farm Supply store on the property owned by LFS Properties, LLC.

3.

Defendant CSX Transportation, Inc. (the "Railroad") is a corporation organized and existing under the laws of the state of Virginia and registered to do business in Georgia. The Railroad may be served via its registered agent CT Corporation System, at 289 S. Culver Street, Lawrenceville, Georgia 30046.

4.

The Railroad, having registered to do business in Georgia, is subject to personal jurisdiction in this Court.

5.

Bartow County is a proper venue for this action because the Railroad transacts business and has an office in Bartow County, and Plaintiff's claims against the Railroad arise out of the Railroad's conduct in Bartow County.

6.

The Court has subject matter jurisdiction over this claim.

**Facts Common to All Counts**

7.

Ladd's owns the property located at 10 Euharlee Road SW, Cartersville, Georgia 30120 and consisting of Bartow County Tax Parcel Nos. 0056B-0003-016, C070-0001-017, and C054-0663-002 (the "Subject Property").

8.

The Subject Property is shown below, outlined in yellow:



9.

The Subject Property fronts Highway 113/West Avenue and is bisected by a railroad track owned and operated by the Railroad.

10.

The tracks bisecting the property were originally laid between 1868 and 1870 by the Cartersville & Van Wert Railroad ("C&VW") and intended to run from Cartersville through Van Wert in Polk County to Prior's Station, Georgia, where it would connect to the Selma, Rome, and Dalton Railroad.

11.

Progress on the C&VW railroad stalled after the tracks were laid to Taylorsville, in or around 1870. On information and belief, no trains operated on the C&VW lines until years later, when it was under different ownership and/or control.

12.

The tracks were later acquired by the Cherokee Iron Company and leased and ultimately absorbed by the East & West Railroad of Alabama, which reorganized under new ownership as the East & West Railroad ("E&W").

13.

Then, in 1902, the Seaboard Air Line Railroad ("SAL") purchased E&W, and in 1967 SAL merged with Atlantic Coast Line Railroad to become Seaboard Coast Line Railroad ("SCL").  And in 1986, SCL merged with Chessie System, Inc. and became CSX Transportation, Inc., which continues to own the tracks to this day.

14.

Ladd's has asked the Railroad for any deeds or other documentation showing its title to or rights in the land on which its track is laid through the Subject Property, but the Railroad has ignored those requests.

15.

On information and belief, there is no deed evidencing any conveyance of property or rights to the Railroad or any of its predecessors in interest for the tracks bisecting the Subject Property.

16.

The Railroad's right to cross the Subject Property with its railroad tracks thus arose through adverse possession and, therefore, its interest is limited to a prescriptive easement.

17.

On at least two prior occasions, Georgia courts have concluded that the Railroad's rights in the old C&VW line, which is the line crossing the Subject Property, are prescriptive only.

18.

In 1995, Judge Murphy of the United States District Court for the Northern District of Georgia concluded that the Railroad only had prescriptive rights for that portion of the line laying immediately west of the Subject Property. *See CSX Transportation, Inc. v. Mansfield Oil Company of Gainesville, Inc.*, No. 4:94-CV-331-HLM (Feb. 22, 1995).

19.

Then, in *Georgia Department of Transportation v. Jackson*, 322 Ga. App. 212 (2013), the Court of Appeals held that the Railroad's rights to a portion of the track lying just east of the Subject Property on the old Jackson Farm are also prescriptive.

20.

The properties at issue in the *Mansfield Oil* and *Jackson* cases are outlined in yellow in the map below, and the Subject Property is outlined in blue:



21.

The Subject Property was purchased by one of Ladd's owner's predecessors, Alonzo Ladd, when he purchased the Peck Lime Works in the early 1870s and operated the Ladd's Mountain quarry.

22.

The Subjecty Property used to serve as a shipping station named Ladd's Station, after Alonzo Ladd, on the SAL/SAC line.

23.

Today, the Subject Property is home to Ladd's Farm Supply, founded by Mr. Henry Floyd, in 1974.



24.

As shown above in Paragraph 8, the majority of the property lays north of the tracks and serves as warehouse space for Ladd's inventory.  The retail and customer-facing building, shown above, is located south of the tracks and fronts Highway 113.

25.

Thus, to move inventory from storage to the shelves in the retail building, Ladd's employees *must* traverse the railroad tracks.

26.

Ladd's employees regularly use UTVs to ferry goods from storage to the retail building and must use heavy equipment to move certain of Ladd's inventory.

27.

Said vehicles cannot be legally or safely used on the public roads.

28.

Accordingly, Ladd's employees have always crossed the railroad tracks at the location circled in red in the below photo:



29.

Ladd's predecessors in interest used the same Crossing long before the farm supply store existed and before this part of Bartow County was developed.

30.

In the late 1800s and early 1900s, the only road going into Cartersville from Ladd's was Rockmart Highway a/k/a Highway 113. Ladd's predecessors thus *had* to use the Crossing over the tracks in order to travel into the City.

31.

The Crossing is shown on historical plats and maps including the September 1920 plat prepared for Dr. Thomas Baker recorded in the Court of the Ordinary in Ordinary Plat Book 3, Page 4 (the "Baker Plat").

32.

The Baker Plat shows the Etowah River, Pettit Creek, and the confluence of the old C&VW line and the old spur track located on the Subject Property. The Crossing is shown just west of the confluence of the main line and the spur track, going over the tracks and leading to Highway 113.



33.

The Crossing had been in continuous use by Ladd's and its predecessors for over a hundred years before the Railroad abruptly placed concrete blocks in the way and obstructed the path.

34.

The Railroad had previously attempted to close the Crossing, once in 2003 and again in 2005, but ultimately abandoned its attempts, in tacit recognition of Ladd's ownership of the Crossing.

35.

The Railroad claims that, because Burnt Hickory Road was abandoned by the County, the Crossing was converted into a "private" crossing subject to the Railroad's willingness to extend a "private crossing agreement" and Ladd's ability to obtain (and afford) appropriate insurance.

36.

The problem for the Railroad is that the road existed before its railway was constructed.  The Crossing was created when the railway was laid over that road, without any legal right to do so.  Over time the Railroad's predecessors acquired a prescriptive easement over the Crossing, and the other parts of Ladd's Property where tracks had been laid, but Ladd's predecessors continued to own the underlying land.  The Crossing was maintained through open and notorious use both before and after the Crossing was a public road.  As the owner of the underlying land Ladds is entitled to use the Crossing with or without the Railroad's permission.

37.

The Railroad has no legal right to exclude Ladd's from using the Crossing.

38.

The Railroad cannot legally condition Ladd's use of the Crossing on Ladd's entering into any "private crossing agreement" or obtaining insurance.

39.

Moreover, Ladd's rights were not extinguished or otherwise diminished by the public's use of the Crossing as part of Burnt Hickory Road for a period of years.

40.

The County acquired Burnt Hickory Road (now "Ladd's Mountain Road") through prescription.  According to the Baker Plat, the Crossing was already in existence in 1920, long before Burnt Hickory Road was a public road.

41.

Ladd's ownership of the Crossing was clear before Burnt Hickory Road was a public road and, upon the County's abandonment in that road, Ladd's private right to the Crossing was restored.  *See, e.g.*, *Glass v. Carnes*, 260 Ga. 627 (1990) ("Unless the governing authority has acquired fee-simple title to the roadway—as through an express grant in a deed or other instrument or through condemnation proceedings— upon abandonment of the road by the governing authorities or by the public, the abutting landowners are presumed to own the fee to the middle of the road, free of the former rights of the general public." (cleaned up)

42.

By obstructing the Crossing, and excluding Ladds' from any use of it, the Railroad has taken Ladd's land lying beneath the Crossing without compensating

Ladds in any way.  As a result of the Railroad's obstruction of the Crossing, Ladd's cannot operate its farm supply store as safely, efficiently, or profitably as it could before.

43.

Ladd's losses due to the closure of the Crossing, are over $3 million and counting.

44.

Ladd's does not assert any claims that require resolution of any questions of federal law, and none of Ladd's claims are preempted by any federal statute.

45.

Ladd's does not assert any claims that take issue with the speed or length of the Railroad's trains, its scheduling, the time in which its trains occupy the Crossing, or any claims that otherwise attempt to regulate the Railroad's operation of railcars or its movement of passengers or property by rail.

46.

Ladd's does not assert any claims concerning the Railroad's construction or use of the tracks on Ladd's property.  The sole conduct challenged is the Railroad's uncompensated taking of Ladd's property, and the damages caused thereby.

**Count One: Trespass**

47.

Ladd's hereby incorporates the foregoing paragraphs as if restated entirely herein.

48.

Ladd's owns the Crossing and is entitled to use it for purposes of accessing both sides of the Subject Property.

49.

The Railroad intentionally, and without Ladd's permission, placed concrete blocks within the Crossing and obstructed Ladd's ability to utilize the Crossing.

50.

The concrete blocks, to the extent they are within the Crossing area and prevent Ladd's use of the same, amount to an intentional and willful trespass, and that trespass continues to this day.

51.

As a result of the Railroad's trespass, Ladd's has suffered property damage in the form of diminution in value, business losses in the form of lost profits/increased expenses, and a loss of enjoyment and use of the property.

## Count Two: Nuisance

52.

Ladd's hereby incorporates the foregoing paragraphs as if restated entirely herein.

53.

The Railroad's obstruction of the Crossing amounts to a nuisance as to Ladd's and the Subject Property.

54.

The concrete blocks have prevented Ladd's from using the Crossing and have hampered its retail businesses, and thereby diminished Ladd's use and enjoyment of the property and caused business losses.

55.

Ladd's, independently and through counsel, have asked the Railroad to abate the nuisance, but the Railroad ignored those attempts at resolution.

56.

Ladd's seeks to recover all damages that have occurred to date as a result of the Railroad's nuisance and all future, permanent damages caused thereby.

**Count Three: Inverse Condemnation**

57.

Ladd's hereby incorporates the foregoing paragraphs as if restated entirely herein.

58.

The Railroad has been delegated the power of eminent domain by the General Assembly.

59.

The Railroad's obstruction of the Crossing amounts to a taking of Ladd's property without just and adequate compensation being first paid, as is required by the Constitution of the State of Georgia of 1983.

60.

The Constitution requires that Ladd's be compensated for the taking of its rights in the Crossing, the damage to its remaining property, and any business losses occasioned by the taking.

## **Count Four: Attorney's Fees**

61.

Ladd's hereby incorporates the foregoing paragraphs as if restated entirely herein.

62.

A plaintiff may recover expenses under O.C.G.A. § 13-6-11 "where the condemnor has proceeded in bad faith . . .." Georgia Dept. of Transp. v. Edwards, 267 Ga. 733 (1997).

63.

Prior to filing this lawsuit, Ladd's, independently and through counsel, attempted to resolve this matter with the Railroad. The Railroad has refused restore the Crossing despite knowing that it lacks the legal authority to do so.

64.

The Railroad has taken Ladd's property without offering compensation of any kind and intentionally made it necessary for Ladds to institute legal proceedings to prove the taking of its land in violation of the Federal and State Constitutions and O.C.G.A. § 22-1-9(8).

65.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense. Accordingly Plaintiffs are entitled to recover their attorney's fees pursuant to O.C.G.A. § 13-6-11.

66.

Ladd's seeks an award of punitive damages in an amount sufficient to punish the Railroad for its intentionally interference with Ladd's property rights and to deter it from future tortious conduct in the future.

**WHEREFORE**, Ladd's respectfully prays:

(1)     That the Court issue a summons and that the Railroad be served in accordance with law;

(2)     That Ladd's be awarded damages for the property damage, business losses, and loss of enjoyment and use occasioned by the Railroad's tortious conduct, in an amount to be determined by jury;

(3)     That Ladd's be awarded, in the alternative, just and adequate compensation for the taking and damaging of their property, including consequential damages and business losses, in an amount to be determined by jury;

(4)     That Ladd's be awarded punitive damages in an amount sufficient to punish the Railroad for its tortious conduct and to deter such conduct in the future, in an amount to be determined by jury;

(5)    That Ladd's be awarded cost and litigation expenses, including attorneys' fees, incurred in bringing this action, in an amount to be determined by jury; and,

(6)    For such other and further relief as the Court deems fair and equitable.

Respectfully submitted, this 19th day of May 2025.

*/s/ Donald C. Evans, Jr.*
Donald C. Evans, Jr.
Georgia Bar No: 251755
Fisher K. Law
Georgia Bar No. 493095
*Counsel for Plaintiff's*

EVANS LAW FIRM
117 N. Erwin Street
Cartersville Georgia 30120
Tel.: (770) 382-4374
Fax: (770) 386-4185
*don@evansfirm.com*
*fisher@evansfirm.com*

**IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA**

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2025000757**

**MAY 19, 2025 12:48 PM**

*Josh Biddy*
Josh Biddy, Clerk
Bartow County, Georgia

CIVIL ACTION NUMBER  <u>SUCV2025000757</u>

LFS Properties, LLC
LFS Store, LLC

_____

**PLAINTIFF**

                                         **VS.**

CSX Transportation, Inc.

_____

**DEFENDANT**


                    **SUMMONS**

TO: CSX TRANSPORTATION, INC.

        You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

            **Donald C Evans, Jr.**
            **Evans Law Firm**
            **117 N Erwin Street**
            **Post Office Box 3022**
            **Cartersville, Georgia 30120**
            **don@evansfirm.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

        If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 19th day of May, 2025.**

                Clerk of Superior Court


                *Josh Biddy*
_____
                Josh Biddy, Clerk
                Bartow County, Georgia

**General Civil and Domestic Relations Case Filing Information Form**

⊕ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2025000757**

MAY 19, 2025 12:48 PM

*Josh Biddy*
Josh Biddy, Clerk
Bartow County, Georgia

☑ **Superior** or ☐ **State Court of** _Bartow_ **County**

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** 05-19-2025 | **Case Number** SUCV2025000757 |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

LFS Properties, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

LFS Store, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

CSX Transportation, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Evans, Donald C Jr    **Bar Number** 251755    **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☑ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
**Case Number**                      **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2025000757**

MAY 27, 2025 09:23 AM

Josh Biddy, Clerk
Bartow County, Georgia

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

LFS, PROPERTIES, LLC AND LFS STORE, LLC

       Plaintiffs,

v.

                           CASE NO: SUCV2025000757

CSX TRANSPORTATION, INC.
       Defendant,

## AFFIADVIT OF SERVICE

I swear that I Johnny Queen served by hand delivering a copy of the Complaint, Summons and Case Filing Information Form to the registered agent CT Corporation System located at 289 S. Culver Street Lawrenceville, Georgia 30046 at _9:55AM_ o'clock on _22th May_____, 2025.

This _22th_ day of _MAY_____, 2025.

_____
Johnny Queen

Sworn to and subscribed before me

This _22_ day of ____ 2025

_____
Notary Public

1

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2025000757**

**JUN 02, 2025 10:47 AM**

Josh Biddy, Clerk
Bartow County, Georgia

TO:        All Judges, Clerks of Court and Counsel of Record

FROM:    Donald C. Evans, Jr.

DATE:     June 2, 2025

RE:        Notice of Leave of Absence

       COMES NOW, Donald C. Evans, Jr. and respectfully notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel, that he will be on leave pursuant to Uniform Superior Court Rule 16.

1. The periods of leave during which time Applicant will be away from the practiceof law for a family vacation:

         **Monday July 7, 2025, through and including Friday July 11, 2025**

2. All affected judges, clerks of court, and counsel of record shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted.

       I further certify that I have this date served a true and correct copy of **Notice of Leave of Absence** upon all judges, clerks, opposing counsel, and parties pro se listed by efile, email, facsimile and/or by depositing the same in the United States Mail, first class postage prepaid.

                              Respectfully submitted,

                              */s/ Donald C. Evans, Jr.*
                              *Donald C. Evans, Jr.*
                              *Georgia Bar No. 251755*

EVANS LAW FIRM
117 North Erwin Street
Cartersville, Georgia 30120
(770) 382-4374

*don@evansfirm.com*
*stacy@evansfirm.com*

1

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2025000757**

JUN 23, 2025 04:40 PM

Josh Biddy, Clerk
Bartow County, Georgia

## IN THE SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| LFS PROPERTIES, LLC and | * |
| LFS STORE, LLC, | * |
| | * |
| Plaintiffs, | * |
| | * Case No. SUCV2025000757 |
| v. | * |
| | * |
| CSX TRANSPORTATION, INC. | * |
| | * |
| Defendant. | * |
| _____ | * |

## ENTRY OF APPEARANCE

COMES NOW, John W. Little III, and enters his appearance as attorney of record for Defendant, CSX Transportation, Inc., herein.

Dated this 23rd day of June 2025.

Respectfully submitted,

/s/ *John W. Little, III*

John W. Little III
Georgia Bar No. 454176
Gunster, Yoakley & Stewart, P.A.
777 S Flagler Drive Suite 500 E
West Palm Beach, FL 33401
Email: jlittle@gunster.com
aalfaro@gunster.com
cbrinson@gunster.com
Phone: (561) 650-0701
Fax: (561) 671-2491
*Counsel for Defendant, CSX Transportation, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June 2025, I served a copy of this document upon the other party via email to the following counsel of record:

Donald C. Evans, Jr.
Georgia Bar No. 251755
Evans Law Firm
117 N. Erwin Street
Cartersville, GA 30120
Tel: (770) 382-4374
Fax: (770) 386-4185
Email: don@evansfirm.com
stacy@evansfirm.com

/s/ *John W. Little, III*
Georgia Bar No. 454176
Counsel for Defendant

ACTIVE:37707762.1

⊕ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2025000757**

JUN 23, 2025 04:40 PM

*Josh Biddy*

Josh Biddy, Clerk
Bartow County, Georgia

## IN THE SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LFS PROPERTIES, LLC and | * | |
| LFS STORE, LLC, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | Case No. SUCV2025000757 |
| v. | * | |
| | * | |
| CSX TRANSPORTATION, INC. | * | |
| | * | |
| Defendant. | * | |
| _____ | * | |

## STIPULATED EXTENSION OF TIME

Pursuant to O.C.G.A. § 9-11-6(b), Plaintiffs LFS Properties, LLC and LFS Store, LLC, and Defendant, CSX Transportation, Inc. ("CSX"), hereby stipulate to a two-week extension of CSX's deadline to respond to Plaintiffs' Complaint, making CSX's new deadline July 7, 2025.

Dated this 23rd day of June 2025.          Respectfully submitted,


/s/ *Donald C. Evans, Jr.*          /s/ *John W. Little III*
Donald C. Evans, Jr.          John W. Little III
Georgia Bar No. 251775          Georgia Bar No. 454176
Evans Law Firm          Gunster, Yoakley & Stewart, P.A.
117 N. Erwin Street          777 S Flagler Drive Suite 500 E
Cartersville, GA 30120          West Palm Beach, FL 33401
Email: don@evansfirm.com          Email: jlittle@gunster.com
stacy@evansfirm.com          aalfaro@gunster.com
Phone: (770) 382-4374          Phone: (561) 650-0701
Fax: (770) 386-4185          Fax: (561) 671-2491

*Counsel for Plaintiffs*          *Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of June 2025, I served a copy of this document upon the other party via email to the following counsel of record:

Donald C. Evans, Jr.
Georgia Bar No. 251755
Evans Law Firm
117 N. Erwin Street
Cartersville, GA 30120
Tel: (770) 382-4374
Fax: (770) 386-4185
Email: don@evansfirm.com
stacy@evansfirm.com

/s/ *John W. Little III*
Counsel for Defendant

ACTIVE:37707917.1